**Kyle A. Sturm**, OSB No. 080214
ksturm@balljanik.com
**Nicholas A. Thede**, OSB No. 075460
nthede@balljanik.com
BALL JANIK LLP
101 SW Main Street, Suite 1100
Portland, Oregon  97204-3219
Phone: 503-228-2525
Fax: 503-295-1058
        Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **STEPHEN L. COAN; SHARON L. COAN, THE STEPHEN L. COAN TRUST, THE SHARON L. COAN TRUST, THE RALPH G. AND SUSAN L. COAN 2003 LIVING TRUST THE CHRISTOPHER F. COAN TRUST, and PLAZA PROPERTIES, LLC,** | Case No. |
| Plaintiffs, | **COMPLAINT** (Declaratory Judgment, Breach of Contract, Equitable Contribution) |
| v. | **Jury Trial Demanded** |
| **CLARENDON NATIONAL INSURANCE COMPANY**, | |
| Defendant. | |

For their complaint against defendant Clarendon National Insurance Company ("Clarendon"), plaintiffs Stephen L. Coan, Sharon L. Coan, The Stephen L. Coan Trust, The Sharon L. Coan Trust, The Ralph G. and Susan L. Coan 2003 Living Trust, The Christopher F. Coan Trust, and Plaza Properties, LLC (collectively, "Plaintiffs"), by and through their undersigned attorneys, allege as follows:

Page 1  COMPLAINT

**Parties**

1.    Stephen L. Coan and Sharon L. Coan are individuals that are citizens of Oregon.

2.    The Stephen L. Coan Trust, The Sharon L. Coan Trust, The Ralph G. and Susan L. Coan 2003 Living Trust, and The Christopher F. Coan Trust are all trusts organized under and managed by trustees pursuant to the laws of Oregon.

3.    Plaza Properties, LLC is a limited liability company organized under the laws of the state of Oregon and having its principal place of business in Oregon.

4.    Plaintiffs assert these claims as the assignees of Bela, Inc. f/k/a Home Exteriors, Inc. ("Bela"), Mid-Continent Casualty Company ("Mid-Continent"), and American Family Mutual Insurance Company ("American Family").

5.    Clarendon is an insurance company organized under the laws of Illinois and having its principal place of business in New York, New York.  At all materials times, Clarendon was authorized to issue insurance policies in Oregon.

**Venue and Jurisdiction**

6.    This Court has jurisdiction of this lawsuit pursuant to 28 U.S.C. § 1332(a) because the amount in controversy exceeds $75,000, exclusive of interest and costs, and the Plaintiffs and Clarendon are citizens of different states.

7.    Venue is appropriate in this Court under 28 U.S.C. § 1391(a) because a substantial portion of the events giving rise to these counterclaims occurred in Portland, Oregon.

**Facts**

8.    Clarendon issued to Bela a general liability insurance policy that was effective from March 9, 2002 to March 9, 2003 ("the Clarendon Policy").

9.      The Clarendon Policy provided Bela with insurance coverage, according to which Clarendon agreed to pay those sums that Bela became legally obligated to pay because of property damage and to defend Bela against any claim made against it seeking potentially covered damages.

10.     Bela, as a subcontractor, worked on the construction of a building owned by Plaintiffs, which is located at 14201 E. Burnside Street, Portland, Oregon (the "Building").

11.     Plaintiffs initiated a lawsuit against Bela, among others, for negligent performance of construction work on the Building, which resulted in construction defects and property damage to the Building (Multnomah County Circuit Court, Case No. 1310-14486 ("the Underlying Lawsuit").

12.     The Building sustained covered loss from an occurrence while the Clarendon Policy was in effect.

13.     Bela tendered a claim for defense and indemnity of the Underlying Lawsuit to Mid-Continent and American Family, other insurers that covered Bela.

14.     Mid-Continent and American Family accepted Bela's tenders of the defense and indemnity of the Underlying Lawsuit.

15.     Bela, Mid-Continent, and American Family incurred attorney fees and costs, in an amount to be proven at trial, while defending Bela in the Underlying Lawsuit.

16.     Bela also tendered a claim to Clarendon for defense and indemnity of the Underlying Lawsuit under the Clarendon Policy.

17.     Clarendon rejected Bela's tender.

18.     Plaintiffs, Bela, Mid-Continent, and American Family settled the Underlying Lawsuit.

19.    Bela is legally obligated to Plaintiffs $100,000 as a result of property damage it caused to the Building pursuant to a General Judgment and Money Award ("the Judgment") that was entered in the Underlying Lawsuit.

20.    Bela satisfied all necessary conditions precedent to coverage, except those that were excused, in the Clarendon Policy.

21.    Clarendon's rejection of Bela's tender of the Underlying Lawsuit was incorrect and unreasonable.

### FIRST CLAIM FOR RELIEF

### (Declaratory Judgment—Duty to Defend)

22.    Plaintiffs incorporate all of the above allegations.

23.    An actual and justiciable controversy exists between the parties regarding whether Clarendon had a duty to defend Bela in the Underlying Lawsuit.

24.    Plaintiffs, as the assignees of Bela and Mid-Continent and American Family, assert that Clarendon had a duty to defend Bela in the Underlying Lawsuit.

25.    Clarendon denies that it had a duty to defend Bela in the Underlying Lawsuit.

26.    Plaintiffs are entitled to a declaration that Clarendon had a duty to defend Bela in the Underlying Lawsuit.

### SECOND CLAIM FOR RELIEF

### (Declaratory Judgment—Duty to Indemnify)

27.    Plaintiffs incorporate all of the above allegations.

28.    An actual and justiciable controversy exists between the parties regarding whether Clarendon had a duty to indemnify Bela for the Judgment.

29.    Plaintiffs, as assignees of Bela and Mid-Continent and American Family, assert that Clarendon had a duty to indemnify Bela for the Judgment.

30.    Clarendon asserts that it does not have a duty to indemnify Bela for the judgment.

31.    Plaintiffs are entitled to a declaration that Clarendon has a duty to indemnify Bela for the Judgment.

## THIRD CLAIM FOR RELIEF

### (Breach of Contract)

32.    Plaintiffs incorporate all of the above allegations.

33.    Clarendon breached the Policy's terms by refusing to defend Bela in the Underlying Lawsuit.

34.    Clarendon also breached the Policy's terms by failing to indemnify Bela for the sums Bela is legally obligated to pay Plaintiffs.

35.    As a result of Clarendon's breaches, Plaintiffs, as assignees of Bela, are entitled to recover damages in an amount to be proven at the time of trial.

36.    Plaintiffs, as Bela's assignees, are entitled to recover their attorneys' fees pursuant to ORS 742.061.

## FOURTH CLAIM FOR RELIEF

### (Equitable Contribution)

37.    Plaintiffs incorporate all of the above allegations.

38.    Plaintiffs, as assignees of Mid-Continent and American Family, are entitled to equitable contribution for the costs incurred in defending and/or indemnifying Bela in the Underlying Lawsuit.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for judgment as follows:

A.      Judgement in its favor and against Clarendon;

B.      Damages in an amount to be proven at trial;

C.      Pre-judgment and post-judgment interest at the maximum legal rate;

D.      Attorney fees pursuant to ORS 742.061, costs, and disbursements; and

E.      Any other relief the Court finds just or equitable.


DATED:  June 22, 2016.                  Respectfully submitted,



                                        By: /s/ Kyle A. Sturm
                                            KYLE A. STURM, OSB # 080214
                                            NICHOLAS A. THEDE, OSB # 075460

                                            Attorneys for Plaintiff